**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Baker, ) | CV 07-8032-PCT-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Trans Union LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiff Christine Baker's Motion for Leave to Amend Her Complaint (Doc. # 71).[1] Trans Union LLC ("Defendant") opposes Plaintiff's Motion on the grounds that Plaintiff's proposed amended claims: (1) would be futile; (2) would result in substantial prejudice to Defendant; and (3) are not timely. The Court now rules on the Motion.

**I. BACKGROUND**

Plaintiff filed a Complaint on June 15th, 2007, alleging violations of the Fair Credit Reporting Act. (Compl. ¶1). Plaintiff now seeks to add two new causes of action not included in her original Complaint: (1) unjust enrichment; and (2) tortious interference with

---

[1]Defendants requested oral argument on Ms. Baker's motion to amend. Because both the parties submitted memoranda in support of their positions and oral argument would not have aided the Court's decisional process, the Court will not set oral argument. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

1 contractual relations[2]. (Pl.'s Mot. For Leave to Am. Compl., Doc. #71, ¶1).

2 Part of Plaintiff's business consists of correcting consumer credit reports on behalf of her clients. Regarding her unjust enrichment claim, Plaintiff states that Defendant benefitted from failure to accurately report the credit information of her clients. Plaintiff additionally claims that Defendant interfered with the contractual relationship between Plaintiff and these clients. Specifically, she claims that Defendant harmed these relationships through its failure to accurately update these clients' credit reports.

## II. LEGAL STANDARD

Motions to amend pleadings to add claims or parties are governed by Federal Rule Civil Procedure 15(a), which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). While the decision to grant or deny a motion to amend is within the discretion of the trial court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is generally allowed with "extraordinary liberality"). "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

---

[2] Plaintiff also seeks to add ¶¶ 17 and 70 amending her original Fair Credit Reporting Act claims. Since these amendments are unopposed by Defendant, the Court will give Plaintiff leave to add them.

- 2 -

The extremely liberal policy in favor of amendments, however, is subject to some limitations. The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment[3]. *Foman*, 371 U.S. at 182. "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs*, 833 F.2d at 186). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith"). Regarding the futility of amendments to add claims, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## III. DISCUSSION

Plaintiff proposes two new claims in her amended Complaint. The Court must now determine if these proposed claims are untimely, prejudicial, or futile, and therefore should not be added.

### A. Unjust Enrichment

In order to state a claim for unjust enrichment, a plaintiff must show: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; and (5) the absence of a legal remedy. *Trustmark Ins. Co. v. Bank One, Arizona NA*, 48 P.3d

---

[3]Since Defendant does not allege bad faith or repeated failure to cure by Plaintiff, the Court does not address these factors here.

1 485, 491 (Ariz. App. Div. 1, 2002). Quantum meruit damages are imposed when a party
2 prevails under unjust enrichment. *W. Corr. Group, Inc. v. Tierney*, 96 P.3d 1070, 1077 (Ariz.
3 App. Div. 1, 2004). In order to recover these damages, a party must show that: (1) the other
4 party was unjustly enriched at the expense of the claimant; (2) the claimant rendered services
5 that benefitted the other party; and (3) the claimant conferred this benefit under
6 circumstances that would render inequitable payment. *Id*. The plaintiff will receive as
7 damages any benefit conferred to the defendant at the plaintiff's expense.

8 Here, Plaintiff has alleged no facts that show that Plaintiff directly conferred any
9 benefit to Defendant. While Plaintiff claims that she lost some revenue as a result of
10 Defendant's actions or inactions, Plaintiff has not shown that she rendered services <u>to</u>
11 <u>Defendant</u> that specifically benefitted Defendant at her expense. Plaintiff alleges no facts in
12 her complaint that, even if taken as true, would warrant damages for unjust enrichment.
13 Therefore, an amendment to add this claim would be futile, and the Court will not grant the
14 Motion to Amend with regards to this claim.

15 **B. Tortious Interference with Contractual Relations**

16 <u>1. Futility</u>

17 A valid claim for tortious interference with contractual relations must contain the
18 following elements: (1) existence of a valid contractual relationship; (2) knowledge of the
19 relationship on the part of the interferor; (3) intentional interference inducing or causing a
20 breach; (4) resultant damages to the party whose relationship has been disrupted; and (5) that
21 the defendant acted improperly. *Safeway Ins. Co., Inc. v. Guerrero* 106 P.3d 1020, 1025
22 (Ariz. 2005).

23 Here, Plaintiff did not allege in her proposed Amended Complaint that Defendant
24 knew of any contractual relationship between her and her clients, nor that they intentionally
25 caused a breach of that contract. However, in her Response to Defendant's Opposition,
26 Plaintiff does in fact state that there was a contractual relationship, that Defendant knew of
27 this relationship, and that there was an intentional interference causing a breach. Thus, this
28 Court cannot say that, as a matter of law, this claim would be absolutely futile. Plaintiff

- 4 -

1 should therefore be given an opportunity to test her claim on the merits rather than have the
2 claim cast aside on a technicality.

### 2. Timeliness

4 This amendment is timely, as it falls before the amendment deadline set by Court at
5 the Rule 16 Scheduling Conference.

### 3. Substantial Prejudice

7 While Defendant claims that the amended complaint will "result in substantial
8 prejudice, by expanding the scope of discovery, imposing additional litigation costs on Trans
9 Union, and delaying disposition of this case," (Def.'s Opp'n to Pl.'s Mot. For Leave to Am.
10 the Compl. 1), granting leave to amend does not preclude Defendant from filing a 12(b)(6)
11 Motion to Dismiss. Further, Defendant has not shown that the scope of discovery will be so
12 expanded as to be unduly onerous to Defendant, nor that Defendant can not complete
13 discovery by the October 24, 2008 deadline.

## IV. CONCLUSION

15 Based on the Foregoing,

16 **IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Her Complaint (Doc.
17 # 71) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion is
18 **GRANTED** with regard to Plaintiff's additional facts pertaining to her Fair Credit Reporting
19 Act claims and adding the tortious interference with contract claim[4].

20 **IT IS FURTHER ORDERED** that Defendant's First Amended Complaint (Doc. #
21 71) be stricken. Defendant shall file an Amended Complaint in accordance with this Order
22 within 10 days of the date of this Order[5].

23 **IT IS FURTHER ORDERED DENYING** Defendants' First Motion for Judgment

---

[4] This motion is granted without prejudice to Defendant filing a 12(b)(6) Motion to Dismiss these claims.

[5] Plaintiff will, of course, be expected to allege all elements necessary for these claims in the newly amended complaint.

1 on the Pleadings (Doc. #42) without prejudice as moot because it no longer responds to the
2 operative complaint.

3      **IT IS FURTHER ORDERED DENYING** Defendants' Motion to Strike (Doc. #45)
4 without prejudice as moot because it no longer responds to the operative complaint.

5      **IT IS FURTHER ORDERED DENYING** Plaintiff's Motion to Seal Exhibits (Doc.
6 #69) as moot because it relates to Defendants' Motion for Judgment on the Pleadings, which
7 the Court has denied as moot.

8      DATED this 4th day of June, 2008.

_____
James A. Teilborg
United States District Judge