**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Christine Baker, | ) | CV 07-8032-PCT-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Trans Union LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ————————————————— | ) | |

Pending before the Court is a Motion to Dismiss or in the Alternative For Security of Costs filed by Defendants Trans Union, Equifax Information Services, Experian Information Solutions, and NCO Financial Systems (collectively referred to as "Defendants" for purposes of this Order)(Doc. #135).  Defendants filed this Motion after Plaintiff did not attend her deposition noticed for January 16, 2009.

**I.   Background**

The Court granted Defendants' opposed Motion for Extension of Discovery and Case Management Deadlines (Doc. #101) on October 21, 2008 (Doc. #109).  After the Court filed its Order extending the discovery cutoff, Defendant Equifax Services noticed Plaintiff's deposition for January 16, 2009 at the office of its local counsel in Phoenix, Arizona.  (Doc. #135).

On January 12, 2009, Plaintiff filed a Motion for Protective Order and for Sanctions

1  asking that the Court vacate her scheduled deposition because it would be inconvenient for

2  her to travel to Phoenix given the distance and the costs involved.  (Doc. #126).  On January

3  15, 2009, the Court struck Plaintiff's Motion for failure to obtain leave of Court in violation

4  of the Court's Rule 16 scheduling order.  (Doc. #128).  The Court's Rule 16 scheduling order

5  states that parties cannot file discovery motions without leave of court.  Instead, they must

6  contact the Court on a conference call to set up a discovery dispute hearing.

7         Plaintiff did not appear for her January 16, 2009 deposition.  Defendants state that

8  they expected Plaintiff to appear in light of the Court's January 15 Order and that Plaintiff

9  did not notify any of the Defendants that she would not appear.  Plaintiff states that she

10  notified Ms. Hergenroether that she would not be attending the deposition, but does not

11  attach any proof of that notification.[1]

12         As a result of Plaintiff's failure to appear for her deposition, Defendant sought another

13  extension of the discovery deadline (Doc. #129), which the Court granted (Doc. #134) on

14  January 27, 2009.  The Court ordered Defendants to take Plaintiff's deposition by March 30,

15  2009.

16  **II.  Analysis**

17         Defendants move pursuant to Federal Rules of Civil Procedure 37(d) and 41(b) to

18  dismiss this case with prejudice based on Plaintiff's failure to attend her deposition and her

19  violation of the Rule 16 scheduling order.  As stated earlier, the Court's Rule 16 scheduling

20  order requires parties to call the Court on a conference call with any discovery disputes.

21  Plaintiff clearly violated that Order when she filed her discovery motion (Doc. #126).

22

23
────────────────

24         [1]Defendants argue that the Court should not consider Plaintiff's Reponse (Doc. #136)
to the pending Motion because it was not timely filed.  Defendants urge the Court to deem

25  Plaintiff's untimely response as consent to dismissal under Local Rule of Civil Procedure
7.2(I).  Even though Plaintiff did not file her Response in the time allotted by the Rules, the

26  Court will treat her Response as timely for the purposes of this Order only and will consider
it.  Plaintiff is warned that she must make all her filings in a timely fashion.  Future untimely

27  filings may be stricken and, if the untimely filing is a response to a motion, the filing may

28  deemed as consent to the motion.

Nonetheless, the Court finds that dismissing Plaintiff's case for failing to abide by that portion of the scheduling order would be unduly harsh. In fact, if the Court dismissed every case in which the parties ignored the Court's discovery dispute procedure, it would have a severely reduced docket. The Court therefore will analyze Defendants' Motion under Federal Rule of Civil Procedure 37(d).

Rule 37(d) provides that the Court may order sanctions, upon motion, for a party's failure to appear for the party's properly-noticed deposition. The Court may order, among others, any of the following sanctions for a party's failure to attend: prevent the party from supporting or opposing designated claims or defenses; strike pleadings in whole or in part; stay further proceedings; or dismiss the action in whole or in part. Fed.R.Civ.P. 37(d)(3). In addition to or instead of any of those sanctions, the Court must also order the party to pay the reasonable expenses, including attorneys' fees, caused by the party's failure to attend the deposition, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3).

This Court has wide discretion in deciding whether to impose sanctions under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985). That discretion is narrowed, however, when the Court contemplates dismissing an action for a party's failure to appear at a deposition. *Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1115 (9th Cir. 2004)(internal quotations omitted). "Preclusive sanctions, such as dismissal of a case . . ., are disfavored." *Ritchie v. United States*, 451 F.3d 1019, 1026 (9th Cir.2006). The Court should order dismissal only if the party's failure to appear at the deposition was due to "willfulness, fault, or bad faith." *Computer Task Group*, 364 F.3d at 1115 (internal quotations omitted).

In deciding whether to dismiss a case as a sanction for noncompliance with discovery, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the opposing party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (internal quotations omitted).

1    While Plaintiff's failure to appear for her deposition led to an extension of the

2    discovery deadline, the failure has not yet made the Court's docket unmanageable. Nor have

3    Defendants suffered any prejudice beyond the costs and attorneys' fee associated with the

4    missed deposition and consequent motion to extend the discovery deadline. Presumably,

5    Defendants have now deposed Plaintiff in accordance with the Court's January 27 Order.

6    Additionally, the public policy favoring disposition on the merits weighs against dismissing

7    the case. Most importantly, the Court has less drastic sanctions at its disposal. After

8    weighing all five factors and noting that dismissal is a disfavored discovery sanction, the

9    Court will not dismiss this case for Plaintiff's failure to attend her deposition.

10    Defendants have requested in the alternative that the Court order Plaintiff to post a

11    bond for Defendants' costs in the amount of $3,000. Defendants have not submitted any

12    documentation in support of that figure. Rather than order Plaintiff to post a bond, the Court

13    invites Defendants to file a motion with appropriate documentation for sanctions for the

14    actual costs, including attorneys' fees, incurred as a result of Plaintiff's failure to appear for

15    her January deposition. Defendants may seek Rule 54(b) language for a final judgment on

16    their motion for sanctions, if they choose to file one. Per the Court's January 27 Order,

17    Defendants must file their motion for monetary sanctions, if any, by April 30, 2009.

18    Further, to the extent Plaintiff intended her Response (Doc. #136) to serve as a request

19    for the defense attorneys' withdrawal from this case, or, in the alternative, to require

20    Defendants to "verify" their Motion and Reply, those requests are denied. Nor will the Court

21    give Plaintiff leave to file a motion for sanctions.

22    ///

23    ///

24    Accordingly,

25    IT IS ORDERED DENYING Defendants Trans Union, Equifax Information Services,

26    Experian Information Solutions, and NCO Financial Systems's Motion to Dismiss or in the

27    Alternative For Security of Costs (Doc. #135).

28    IT IS FURTHER ORDERED that if Defendants choose to file a motion for monetary

sanctions, they must do so by no later than April 30, 2009.

DATED this 14th day of April, 2009.

_____
James A. Teilborg
United States District Judge