**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Baker, ) | CV 07-8032-PCT-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Trans Union LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is a Motion for Sanctions under Federal Rule of Civil Procedure 37 by Defendants Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") (collectively referred to as "Defendants" for purposes of this Order). (Doc. #146.) Defendants filed this Motion after Plaintiff did not attend her deposition noticed for January 16, 2009, and after Plaintiff refused to proceed with the videotaping of her deposition on March 27, 2009.

**BACKGROUND**

On December 10, 2008, Defendant Equifax noticed Plaintiff's deposition for January 16, 2009, at the offices of its local counsel in Phoenix, Arizona. (Doc. #120.) On January 12, 2009, Plaintiff filed a motion for protective order, seeking to quash her deposition notice on the grounds that the location was improperly burdensome. On January 15, 2009, the Court struck Plaintiff's motion (Doc. #128) because she failed to comply with this Court's Rule 16 scheduling order ("Scheduling Order"), which states that the parties may not file any

discovery motions without leave of Court and must first contact the Court on a conference call with the discovery dispute. (Doc. #65 at 4, lines 10-18.) Plaintiff subsequently failed to attend her deposition on January 16, 2009.

On March 17, 2009, Defendant Equifax renoticed Plaintiff's deposition for March 27, 2009, at its local counsel's offices in Las Vegas, Nevada. (Doc. #138.) On March 20, 2009, Defendant Equifax amended its notice to indicate that it would videotape the deposition. (Doc. #139.) Plaintiff objected to the videotaping. The parties attempted to contact the Court prior to the deposition, but were advised that the Court would be unavailable that week. (Mot. at 3, lines 12-14.) Defendants continued with their plan to videotape the deposition.

On March 27, 2009, Plaintiff appeared for her deposition. She refused to proceed with the deposition if it was to be videotaped on the grounds that she feared that the videotape would be made public. (Dep. at 14, lines 12-17.) In light of the approaching discovery deadline, Defendants elected to proceed with the deposition without having it videotaped.

Defendants seek recovery of reasonable expenses caused by Plaintiff's failure to attend her deposition on January 16, 2009; reasonable expenses caused by Plaintiff's refusal to proceed with her deposition on March 27, 2009 under the noticed method of recording; and any other sanctions that the Court deems appropriate. (Mot. at 7, lines 5-10.)

**ANALYSIS**

*Recovery of Reasonable Expenses for Failure to Attend Deposition Is Appropriate*

Defendants move for sanctions under Rule 37(d). Rule 37(d) allows courts to impose sanctions if a party fails to appear for deposition after receiving proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i). In addition to or instead of sanctions, courts must require the party failing to act to pay the reasonable expenses, including attorney's fees, resulting from the failure to appear, unless the failure was substantially justified or other circumstances exist that make the award unjust. Fed. R. Civ. P. 37(d)(3). The failure to appear need not be willful to warrant sanctions. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985). Even a negligent failure to allow reasonable discovery may be punished. *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). The failure to appear cannot be excused on the ground that the

discovery sought was objectionable, unless the party has a pending motion for a protective order under Rule 26(c). Fed. R. Civ. P. 37(d)(2). As mentioned above, the Scheduling Order requires parties to call the Court on a conference call with any discovery disputes; parties cannot file discovery motions, including protective orders, without leave of the Court.

The Court acknowledges that Defendant Equifax indicated their willingness to accommodate Plaintiff by rescheduling to a location convenient for Plaintiff (Doc. #107 at 3, line 26, and 4, line 1), yet, subsequently renoticed the deposition for Phoenix–the same, inconvenient location to which Plaintiff had objected. Nonetheless, the Court finds that sanctions are appropriate for four reasons: (1) Having been made aware by the Scheduling Order that discovery motions were not permitted without leave of the Court, Plaintiff violated the Order by filing a motion for a protective order without leave of the Court. (2) Even though the Order striking Plaintiff's motion for a protective order was issued the day before the scheduled date of the deposition, Plaintiff had more than a month prior to her filing the motion to properly object. The late hour of Plaintiff's objection is magnified by the warning that the parties received in the Scheduling Order putting them on notice that the Court disfavors "last minute" action in discovery. (Doc. #65 at 3, n. 3.) (3) Even though Plaintiff is pro se, Plaintiff is not allowed to "gain an advantage by merely picking and choosing which procedural rules [she] will obey." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). And (4) the Court finds that Plaintiff's failure to appear was not substantially justified, nor are there circumstances that would make the imposition of sanctions unjust. Plaintiff may have felt that Phoenix was a burdensome location, but her remedy was to call the Court on a conference call–not to file a motion for a protective order or fail to attend the deposition.

The Court therefore finds disciplinary action to be appropriate. However, the Court finds that sanctions would be unduly harsh under the circumstances, and that requiring Plaintiff to pay the reasonable expenses caused by the failure under rule 37(d)(3) will be adequate to compensate Defendants and to generally deter further discovery abuse.

The Court therefore grants Defendants' motion for sanctions in the amount of

$617.10.[1]

*Recovery of Reasonable Expenses for Refusal to Proceed with Deposition Is Appropriate*

Defendants further move for sanctions under Rule 37(d) for Plaintiff's refusal to proceed with the deposition under the noticed method of recording; however, the Court finds this aspect is more appropriately handled under Rule 30(g)(1).

Plaintiff timely, but unsuccessfully, attempted to call the Court on a conference call in order to object to the method of recording noticed by Defendant Equifax for her January 16, 2009 deposition. When Plaintiff was made aware that the Court would be unavailable that week, she was faced with three alternatives: (1) she could have dropped the objection and proceeded with the videotaped deposition; (2) she could have noted, on the record, the objection to the manner in which the deposition was taken under Rule 30(c)(2) and then proceeded with the videotaped deposition–the testimony thus would be taken subject to her objection. Fed. R. Civ. P. 30(c)(2); or (3) she could have refused to proceed with the videotaped deposition and risked having to pay reasonable expenses under Rule 30(g)(1). Plaintiff chose the third alternative. The Court is unable to comment on whether Plaintiff would have had good cause for a protective order, as the only testimony the Court has to that effect is found in Plaintiff's deposition (Dep. at 14, lines 12-17) and is an inadequate basis for these purposes. It is not necessary to decide whether Plaintiff had good cause, as she still could have made note of the objection (alternative #2) and sought redress after the fact. This would have been the best alternative. Instead, Plaintiff objected in an improper manner, which makes her reasoning immaterial because permitting such an objection would render Rule 30(c) and the Scheduling Order toothless. Therefore, her unsuccessful attempts to object did not relieve her of the requirement to

---

[1] This amount represents the expenses caused by Plaintiff's failure to attend her January 16, 2009 deposition as justified and enumerated by Defendants in their motion to dismiss. (Mot. at 5, lines 18-26.) The Court finds that the billable rate for Trans Union's counsel is comparable with prevailing rates in the community and that the amount of billable hours spent as a result of Plaintiff's failure to attend her deposition is reasonable.

proceed with the deposition.

Because Defendants were permitted to videotape the deposition under Rule 30(b)(3)(A), Plaintiff's refusal to proceed was unwarranted. Moreover, the fact that Plaintiff notified Defendant that she was planning to refuse to proceed with the videotaping is immaterial. The Court therefore grants Defendants' motion for recovery of reasonable expenses under Rule 30(g)(1) in the amount of $295.00 for the videographer's scheduling fee.[2]

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Sanctions under Rule 37(d) (Doc. #146) is **GRANTED**.

DATED this 24th day of June, 2009.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge

---

[2] The Court finds that the videographer's rate is comparable with prevailing rates in the community.