Philip R Wooten (Arizona State Bar No. 007006)
Philip R Wooten PC
3413 E Equestrian Trl
Phoenix, AZ 85044-3403
philip.wooten@azbar.org
480-598-4330
480-598-4331 (Fax)
  *and*
Tiffany L. Cox (Admitted Pro Hac Vice)
Strasburger & Price, LLP
2801 Network Blvd., Suite 600
Frisco, TX  75034
tiffany.cox@strasburger.com
469-287-3921
469-227-6581 (Fax)
**Attorneys for Defendant Trans Union LLC**

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PRESCOTT DIVISION

| | |
|---|---|
| Christine Baker;<br><br>       Plaintiff,<br><br>v.<br><br>Trans Union, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., NCO Financial Systems, Inc., Dana Capital Group, Dana Smith, Mutual Benefit Funding, Anthony Paduano, and Vincent Sanfilippo;<br><br>       Defendants. | Case No.  3:07-cv-08032-PCT-JAT<br><br>**DEFENDANT TRANS UNION LLC'S OBJECTIONS TO AND MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE** |

TO THE HONORABLE US DISTRICT JUDGE:

Comes Now, Trans Union LLC ("Trans Union"), Defendant herein, and files this, its Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence, respectfully showing onto the Court as follows:

///

///

///

///

///

# I.

# **INTRODUCTION**

In support of her Response to Trans Union's Motion for Summary Judgment (Dkt. # 163), Plaintiff Christine Baker filed several objectionable documents.[1] Trans Union objects to the summary judgment evidence submitted by Baker on a number of grounds. Trans Union makes the objections set forth below and moves the Court to strike the objectionable documents from the record.

# II.

# **LEGAL GROUNDS FOR EVIDENTIARY OBJECTIONS**

Rule 56(e) of the Federal Rules of Civil Procedure controls the form of affidavits submitted in support of or opposing a motion for summary judgment. The Rule states in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein. … When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Beijing Metals & Minerals Import/Export Corp. v. American Bus. Ctr., Inc.,* 993 F.2d 1178, 1182 (5th Cir.1993). The object of Rule 56 is not to replace conclusory allegations of the complaint with conclusory allegations of an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (citations omitted).

Affidavits that are not based on personal knowledge or that are based merely on information and belief do not satisfy the requirements of Rule 56(e), and those portions of an affidavit that do not comply with Rule 56(e) are not entitled to any weight and

---

[1] *See Exhibits to Plaintiff's Response in Opposition of Defendant Trans Union LLC's Motion for Summary Judgment*, Dkt. # 163.

**DEFENDANT TRANS UNION, LLC'S OBJECTIONS TO AND** **- 2**
**MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE**
2827829.1/SP/83057/0785/072009

cannot be considered in deciding a motion for summary judgment. *Lain v. UNUM Life Ins. Co. of Am.*, 27 F. Supp. 2d 926, 929 (S.D. Tex. 1998)(citations omitted).

Affidavits must state facts, not conclusions. *See, e.g., Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir.1994) ("Mere conclusory allegations are not competent summary judgment evidence....") (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.1992)); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) ("Summary judgment, to be sure, may be appropriate ... if the nonmoving party rests merely upon conclusory allegations, improbable inferences and unsupported speculation.") (quoting *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir.1993)); *David v. Glemby Co., Inc.*, 717 F. Supp. 162, 165 (S.D.N.Y. 1989) ("Nonmoving party may not simply rely on speculation or conjecture as to the true nature of the facts to overcome motion for summary judgment.") (quoting *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 12 (2d Cir.1986)); *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 383, n. 12 (3rd Cir.1990) ("Inference based upon speculation or conjecture does not create material factual disputes sufficient to defeat entry of summary judgment."). Neither shall conclusory affidavits suffice to create or negate a genuine issue of fact. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir.1993); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir.1992). Further, specific facts must be asserted to overcome a properly supported motion for summary judgment. *Briggs v. Kerrigan*, 431 F.2d 967, 968 (1st Cir.1970) ("When a motion for summary judgment has been properly made and supported, an adverse party must set forth specific facts showing that there is a genuine issue for trial."); *see also Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 191 (5th Cir.1991) ("It has long been settled law that a plaintiff must respond to an adequate motion for summary judgment with admissible evidence.")

Overall, for the court to consider summary judgment evidence, the evidence must be of the type to be admissible at the time of trial. *Neff v. World Publishing Co.,* 349 F.2d 235, 253 (8th Cir.1965) ("In determining whether summary judgment is proper, statements contained in affidavits which would be inadmissible in evidence (such as

statements of opinion, belief and hearsay) must be disregarded."); *Lark v. West,* 182 F. Supp. 794, 798 (D.D.C.1960) ("Belief, no matter how sincere, is not equivalent to knowledge, and facts set forth in an affidavit in opposition to a motion for summary judgment must be such as would be admissible in evidence should they be given from the witness stand during the trial of a case."); *Miller v. Solem*, 728 F.2d 1020, 1021 (8th Cir.1984) ("To the extent that affidavits on summary judgment set forth hearsay statements, there was failure to comply with requirement of the rule that facts set forth in affidavits must be admissible in evidence.").

## III.

## **OBJECTIONS TO BAKER'S SUMMARY JUDGMENT EVIDENCE**

Trans Union makes the following objections to Baker's summary judgment evidence and moves the Court to strike the objectionable documents from the record.

1. **Plaintiff's Exhibit 1 (Baker's Declaration).** Trans Union objects to Baker's use of and reference to Exhibit 1, "Baker's Declaration." Baker generally avers that all of the statements contained in her Response to Trans Union's Motion for Summary Judgment and all of the statements contained in Plaintiff's Controverting Statement of Facts are true. Just the same as a declaration containing conclusory allegations, Baker's declaration seeks to add veracity to the conclusory allegations in her Response to Trans Union's Motion for Summary Judgment. Baker has simply replaced the conclusory allegations in her Complaint with conclusory allegations in her Response, and Baker's Declaration is properly excluded on this basis. *See Robinson v. Union Carbide Corp.*, 805 F.Supp. 514 (E.D.Tenn.1991) (Opponent of motion for summary judgment cannot survive it merely by restating his or her conclusory allegations in affidavit form or by presuming existence of material facts).

2. **Plaintiff's Exhibit 2, # 1 (Chase credit offer).** Trans Union objects to Baker's use of and reference to Exhibit 2, # 1, the Chase credit offer. This document was never produced to Trans Union during discovery and is properly excluded on this basis. FED. R. CIV. P. 37(c)(1). Baker attempts to submit into evidence such documents which contain hearsay, are not properly authenticated, not sworn nor certified, and for which a proper predicate for their admissibility has not been established. *See* FED. R. EVID. 803, 901. Accordingly, since Exhibit 2, # 1 would not be admissible for the foregoing reasons, it is not properly before the Court and should not be considered by the Court in ruling on Defendant's Motion for Summary Judgment.

3. **Plaintiff's Exhibit 2, # 2 (Juniper letter).** Trans Union objects to Baker's use of and reference to Exhibit 2, # 2, the Juniper letter. This document was never

produced to Trans Union during discovery and is properly excluded on this basis. FED. R. CIV. P. 37(c)(1). Baker attempts to submit into evidence such documents which contain hearsay, are not properly authenticated, not sworn nor certified, and for which a proper predicate for their admissibility has not been established. *See* FED. R. EVID. 803, 901. Accordingly, since Exhibit 2, # 2 would not be admissible for the foregoing reasons, it is not properly before the Court and should not be considered by the Court in ruling on Defendant's Motion for Summary Judgment.

4. **Baker's Exhibit 2, # 3 (Washington Mutual letter).** Trans Union objects to Baker's use of and reference to Exhibit 2, # 3, the Washington Mutual letter. This document was never produced to Trans Union during discovery and is properly excluded on this basis. FED. R. CIV. P. 37(c)(1). Baker attempts to submit into evidence such documents which contain hearsay, are not properly authenticated, not sworn nor certified, and for which a proper predicate for their admissibility has not been established. *See* FED. R. EVID. 803, 901. Accordingly, since Exhibit 2, # 3 would not be admissible for the foregoing reasons, it is not properly before the Court and should not be considered by the Court in ruling on Defendant's Motion for Summary Judgment.

## IV.

## CONCLUSION

For the foregoing reasons, Trans Union moves the Court to strike the foregoing summary judgment evidence in their entirety, or, in the alternative, to sustain its objections to the foregoing summary judgment evidence.

Dated: July 20, 2009          STRASBURGER & PRICE, LLP


By: _s/ *Tiffany L. Cox*_____
Tiffany L. Cox
Attorney for Trans Union LLC

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Christine Baker<br>christine@bayhouse.com<br>3880 Stockton Hill Rd.<br>Suite 103-156<br>Kingman, AZ 86409<br>(206)202-4653<br>(571)222-1000 (Fax)<br>**Plaintiff, Pro Se** | Marc Stephen Carlson<br>mscarlson@jonesday.com<br>Edward S Chang<br>echang@jonesday.com<br>Jones Day<br>3 Park Plaza, Ste 1100<br>Irvine, CA 90603<br>949-553-7524<br>949-553-7539 (Fax)<br>and<br>Timothy Joel Eckstein<br>teckstein@omlaw.com<br>Osborn Maledon PA<br>PO Box 36379<br>Phoenix, AZ 85012-6379<br>602-640-9000<br>602-664-2069 (Fax)<br>**Counsel for Experian** |
| Justin H Homes<br>jhomes@sessions-law.biz<br>Sessions Fishman Nathan & Israel LLP<br>3850 N Causeway Blvd<br>Ste 200<br>Metairie, LA 70002-7227<br>504-828-3700<br>504-828-3737 (Fax)<br>and<br>Timothy Regis Grimm, II<br>tgrimm@rcdmlaw.com<br>Renaud Cook Drury Mesaros PA<br>1 N Central Ave, Ste 900<br>Phoenix, AZ 85004<br>602-256-3060<br>602-256-3260 (Fax)<br>**Attorneys for NCO** | Cara Lee Hergenroether<br>chergenroether@kslaw.com<br>King & Spalding LLP<br>1180 Peachtree St NE<br>Atlanta, GA 30309<br>404-572-4600<br>404-572-5100 (Fax)<br>and<br>Stephanie Marie Sandell<br>ssandell@swlaw.com<br>Snell & Wilmer LLP<br>1 Arizona Ctr<br>400 E Van Buren<br>Phoenix, AZ 85004-0001<br>602-382-6000<br>602-382-6070 (Fax)<br>**Counsel for Equifax** |

s/ *Tiffany L. Cox*
TIFFANY L. COX