Philip R Wooten (Arizona State Bar No. 007006)
Philip R Wooten PC
3413 E Equestrian Trl
Phoenix, AZ 85044-3403
philip.wooten@azbar.org
480-598-4330
480-598-4331 (Fax)
  *and*
Tiffany L. Cox (Admitted Pro Hac Vice)
Strasburger & Price, LLP
2801 Network Blvd., Suite 600
Frisco, TX  75034
tiffany.cox@strasburger.com
469-287-3921
469-227-6581 (Fax)
**Attorneys for Defendant Trans Union LLC**

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PRESCOTT DIVISION

| | |
|---|---|
| Christine Baker; | ) |
|   | ) Case No.  3:07-cv-08032-PCT-JAT |
|     Plaintiff, | ) |
|   | ) |
| v. | ) |
|   | ) **DEFENDANT** |
| Trans Union, LLC, Equifax Information Services, LLC, | ) **TRANS UNION LLC'S** |
|   | ) **REPLY IN SUPPORT** |
| Experian Information Solutions, Inc., NCO Financial Systems, Inc., Dana Capital Group, Dana Smith, Mutual Benefit Funding, Anthony Paduano, and Vincent Sanfilippo; | ) **OF ITS MOTION FOR** |
|   | ) **SUMMARY JUDGMENT** |
|   | ) |
|   | ) |
|   | ) |
|   | ) |
|     Defendants. | ) |

TO THE HONORABLE US DISTRICT JUDGE:

Comes Now, Trans Union LLC ("Trans Union"), Defendant herein, and subject to its Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence, files this, its Reply in support of its Motion for Summary Judgment, respectfully showing onto the Court as follows:

///

# I.

# INTRODUCTION

Trans Union filed its Motion for Summary Judgment, its Memorandum in Support, and its Statement of Facts (Dkt. # 151-153) on June 1, 2009, establishing that Plaintiff's § 1681e(b) claim fails as a matter of law and that Trans Union is entitled to summary judgment. Plaintiff may defeat a valid motion for summary judgment only if she shows that there are issues that are genuinely in dispute and advances convincing theories supporting their materiality. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In Plaintiff's Response in Opposition (Dkt. # 163), filed with the Court on July 13, 2009, Plaintiff wholly failed to raise any genuine issue of material fact and failed to produce any competent evidence in support of her claim. Because Plaintiff failed to satisfy her evidentiary burden, Trans Union's Motion for Summary Judgment must be granted.

# II.

# REPLY

## A.  PLAINTIFF'S EVIDENTIARY BURDEN UNDER RULE 56(E)(2)

When responding to a motion for summary judgment, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. Anderson, 477 U.S. at 252. Specifically, Federal Rule of Civil Procedure 56(e)(2) provides that a party opposing a motion for summary judgment "may not rely merely on allegations … in its own pleading" but, rather, "must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Plaintiff's burden under Rule 56(e)(2) is not satisfied by conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994). In short, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Scott v. Harris, 127 S.Ct. 1769, 1776 (2007).

### B. BAKER PRESENTS CONCLUSORY, UNSUBSTANTIATED ALLEGATIONS OF LIABILITY INSUFFICIENT TO SATISFY HER BURDEN UNDER RULE 56

Even if Baker's evidence was not otherwise objectionable, which Trans Union disputes,[1] Baker has, nonetheless, failed to raise a genuine issue of material fact sufficient to defeat Trans Union's Motion for Summary Judgment. Baker's Response is premised entirely upon assumptions and unfounded accusations, wholly lacking of any competent summary judgment evidence. Essentially, Baker's Response is a recitation of her Complaint, offering little more than conclusory allegations and bald assertions of liability. Accordingly, Trans Union's Motion for Summary Judgment should be granted.

#### 1. No Genuine Issue of Material Fact as to §1681e(b) Claim

To preclude the entry of summary judgment on Baker's §1681e(b) claim, Baker was required to make a sufficient showing on each of the following essential elements of her claim: (1) inaccurate information was included in her credit report; (2) the inaccuracy was due to Trans Union's failure to follow reasonable procedures to assure maximum possible accuracy; (3) Plaintiff suffered an injury; and (4) Plaintiff's injury was caused by the inclusion of an inaccurate entry. Plaintiff failed to present any evidence in support of her §1681e(b) claim, and therefore, Trans Union is entitled to summary judgment.

#### 2. No Evidence that Trans Union Published an Inaccurate Credit Report to Chase

First, Baker's §1681e(b) claim fails as a matter of law because Baker cannot show that Trans Union published an incomplete or otherwise inaccurate credit report to Chase. Baker claims to have received a "pre-approved" credit application from Chase,[2] the approval for which was allegedly based upon a second credit report maintained by Trans Union that did not reflect her bankruptcy filing. Baker, however, submits no evidence to support her theory that Chase pulled a Trans Union credit report in making the pre-

---

[1] *See Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence*, filed concurrently herewith.

[2] In support of her Response, Baker included the credit application she received from Chase. While it was not previously produced, is unauthenticated, and is inadmissible hearsay, the document shows that Baker was "pre-selected" and no "pre-approved" for a credit card. *See Exhibit 2, # 1 to Plaintiff's Response to Trans Union's Motion for Summary Judgment*.

selected credit offer to Baker. Trans Union, on the other hand, presented the uncontroverted declaration of Diane Terry, Senior Director of Consumer Relations West and Fraud Victim Assistance Department of Trans Union's Fullerton, California, Consumer Relations Center, who reviewed Trans Union's records and definitively stated that Chase had not pulled Baker's credit report for purposes of a promotional inquiry.

Even if Baker had produced evidence that Chase pulled her Trans Union credit report in extending the credit offer, Baker's §1681e(b) claim still fails because she cannot show that the credit report supplied to Chase was incomplete or inaccurate. In particular, Baker has produced no evidence that Trans Union maintained two credit reports for Baker at that time Chase made the promotional inquiry or that Chase pulled the credit report lacking the bankruptcy filing. Ray v. Equifax Info. Servs., LLC, 2009 U.S. App. LEXIS 7810 at *14-15 (11th Cir. Apr. 13, 2009) (holding that because Plaintiff failed to produce the credit report that the creditor allegedly relied on in denying him credit, he could not show that it was inaccurate.) The May 6, 2005 Trans Union credit report relied upon by Baker is irrelevant because the Chase promotional inquiry, if it occurred at all, occurred weeks later. Again, Trans Union presented the uncontroverted declaration of Terry, in which Terry stated Baker's two credit files were merged on May 6, 2005, prior to any alleged pull by Chase. Baker has presented no evidence to suggest otherwise.

Trans Union does not dispute providing Chase with Baker's credit report on August 17, 2005, following Baker's completion of the pre-selected credit offer.[3] While Baker suggests that Trans Union continued to maintain two files at the time, Baker has produce no evidence in support of her claim. Again, Trans Union presented uncontroverted declaration testimony that Baker's credit report had been merged into one file more than three months prior to the regular inquiry by Chase. Moreover, the purported reason for Chase's credit denial – Baker's bankruptcy filing – is admittedly

---

[3] See Defendant's Statement of Material Facts (Dkt. # 153) and Plaintiff's Controverting Statement of Facts (Dkt. # 164).

accurate.[4]   Accordingly, Baker has failed to make any showing that Trans Union published an inaccurate credit report to Chase.

### 4. No Evidence of Causation or Injury

Finally, even if Baker had presented evidence to support the myriad of assumptions giving rise to her claim, Baker's §1681e(b) claim still fails because she has offered no evidence of causation or injury. Specifically, Baker has not produced a denial letter or any evidence from Chase as to the reason it denied her credit application. Baker claims that Chase denied her "due to the bankruptcy," but the bankruptcy filing is admittedly accurate.[5] The FCRA does not impose liability upon a credit reporting agency where adverse action is taken on the basis of accurate information.

Baker complains that the credit application and subsequent credit inquiry lowered her credit score, but Baker had not introduced any evidence of the difference between her credit score before and after the inquiry. Furthermore, Baker has produced no evidence to suggest she suffered adverse action as a result of her alleged lower credit score. Baker included as an Exhibit to her Response an adverse action letter from Juniper,[6] indicating that her account had been closed because her "balances were too high on revolving accounts" and because there were "too many accounts with balances."[7] Notably absent from this adverse action letter is any statement to the effect that Baker's credit score was too low or that Baker had too many regular inquiries. To the extent Juniper took adverse action against Baker, it was not on the basis of her credit application and subsequent credit inquiry with Chase. Baker also included as an Exhibit to her Response a change of terms document from Washington Mutual Bank.[8] The document does not identify the changes being made to the terms of the account agreement with Washington Mutual or

---

[4] See Defendant's Statement of Material Facts (Dkt. # 153) and Plaintiff's Controverting Statement of Facts (Dkt. # 164).
[5] See Defendant's Statement of Material Facts (Dkt. # 153) and Plaintiff's Controverting Statement of Facts (Dkt. # 164).
[6] The Juniper letter was not previously produced, not authenticated, is hearsay, and should be struck from evidence. See Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence.
[7] *See Exhibit 2, # 2 to Plaintiff's Response to Trans Union's Motion for Summary Judgment*.
[8] The Washington Mutual letter was not previously produced, not authenticated, is hearsay, and should be struck from evidence. See Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence.

the reason for the change. Again, to the extent Washington Mutual took adverse action against Baker, there is no evidence to indicate that it was on the basis of her credit application and subsequent credit inquiry with Chase.

In summary, Baker has failed to raise a genuine issue of material fact sufficient to defeat summary judgment in Trans Union's favor. Accordingly, Trans Union's Motion for Summary Judgment on Baker's §1681e(b) claim should be granted.

## C. BAKER CANNOT RAISE A NEW THEORY OF LIABILITY, NOT SET FORTH IN HER COMPLAINT, IN OPPOSITION TO TRANS UNION'S MOTION FOR SUMMARY JUDGMENT.

Baker's Response contains various references to her JC Penney's credit card account and to Trans Union's alleged failure to report her JC Penny's account information on Baker's credit report. To the extent Baker now claims Trans Union had an obligation to report her JC Penney's credit card account or that Tran Union violated the FCRA by allegedly failing to report her JC Penney's account, this claim should not be considered by the Court in determining whether Trans Union is entitled to summary judgment. There is no reference anywhere in Baker's First Amended Complaint (Dkt. # 80) to her JC Penney's account or to Trans Union's alleged failure to report this account on Baker's credit report. While Baker may have complained of her JC Penney account in previous litigation with Trans Union, Baker had not included any claim related to the JC Penney account in this litigation.[9] A plaintiff is not entitled to raise a new theory of liability, not detectable in the complaint, for the first time in opposition to a motion for summary judgment. Steeves v. City of Rockland, 600 F.Supp.2d 143 (D.Me. 2009).

---

[9] Even if Baker had made this allegation in her Complaint, the FCRA does not require credit reporting agencies to "include all existing or derogatory or favorable information about a consumer in their reports." *Statements of General Policy or Interpretations Under the Fair Credit Reporting Act*, 16 C.F.R. Subchapter F., Pt. 600, Appendix, pp. 492 – 519. Rather, the FCRA requires only that the information contained in a credit report be accurate. *Swanson v. Central Bank & Trust Co.*, 2005 U.S. Dist. LEXIS 35752 (E.D. KY 2005); *see also Davis v. Equifax Info. Servs.,* 346 F. Supp. 2d 1164, 1172 (N.D. Ala. 2004); *see also Heupel v. Trans Union LLC*, 193 F. Supp. 2d 1234, 1240 (N.D. Ala. 2002).

## IV.

## **CONCLUSION**

Defendant respectfully requests that its Motion for Summary Judgment be granted, that Plaintiff recover nothing from Defendant, that Defendant be awarded its costs, and for such other and further relief, both general and specific, at law and in equity, to which it may show itself justly entitled.

Dated: July 20, 2009                STRASBURGER & PRICE, LLP


By: _s/ *Tiffany L. Cox*_____
     Tiffany L. Cox
     Attorney for Trans Union LLC

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christine Baker
christine@bayhouse.com
3880 Stockton Hill Rd.
Suite 103-156
Kingman, AZ 86409
(206)202-4653
(571)222-1000  (Fax)
***Plaintiff, Pro Se***

Marc Stephen Carlson
mscarlson@jonesday.com
Edward S Chang
echang@jonesday.com
Jones Day
3 Park Plaza, Ste 1100
Irvine , CA 90603
949-553-7524
949-553-7539  (Fax)
and
Timothy Joel Eckstein
teckstein@omlaw.com
Osborn Maledon PA
PO Box 36379
Phoenix , AZ 85012-6379
602-640-9000
602-664-2069  (Fax)
***Counsel for Experian***

Justin H Homes
jhomes@sessions-law.biz
Sessions Fishman Nathan & Israel LLP
3850 N Causeway Blvd
Ste 200
Metairie , LA 70002-7227
504-828-3700
504-828-3737  (Fax)
and
Timothy Regis Grimm , II
tgrimm@rcdmlaw.com
Renaud Cook Drury Mesaros PA
1 N Central Ave, Ste 900
Phoenix, AZ 85004
602-256-3060
602-256-3260  (Fax)
 ***Attorneys for NCO***

Cara Lee Hergenroether
chergenroether@kslaw.com
King & Spalding LLP
1180 Peachtree St NE
Atlanta , GA 30309
404-572-4600
404-572-5100  (Fax)
and
Stephanie Marie Sandell
ssandell@swlaw.com
Snell & Wilmer LLP
1 Arizona Ctr
400 E Van Buren
Phoenix , AZ 85004-0001
602-382-6000
602-382-6070  (Fax)
***Counsel for Equifax***

                                    s/ *Tiffany L. Cox*
                                    TIFFANY L. COX