1 | Edward Chang (CA SBN 241682)
  | *Admitted Pro Hac Vice*
2 | JONES DAY
  | 3 Park Plaza, Suite 1100
3 | Irvine, CA 92614
  | Telephone: (949) 851-3939
4 | Facsimile: (949) 553-7539

5 | Attorneys for Defendant
  | EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| **CHRISTINE BAKER,** | **CASE NO. CIV-07-8032-PCT-EHC** |
|---|---|
| **Plaintiff,** | DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY TO PLAINTIFF CHRISTINE BAKER'S OPPOSITION IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT |
| **v.** | |
| **TRANSUNION LLC, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., NCO FINANCIAL SYSTEMS, INC., DANA CAPITAL GROUP, DANA SMITH, MUTUAL BENEFIT FUNDING, ANTHONY PADUANO, VINCENT SANFILIPPO,** | |
| **Defendants.** | |

COME NOW, Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant"), by and through undersigned counsel of record, files this, its Reply to Plaintiff Christine Baker's ("Baker" or "Plaintiff") Opposition in support of its Motion for Summary Judgment.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.   INTRODUCTION**

In her lengthy Opposition, Plaintiff attempts to cloud the simple truth - that her credit report was issued for a permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("the FCRA"), and that Experian maintains reasonable procedures to assure that it only issues credit reports for permissible purposes to approved entities. Experian's Motion for Summary Judgment should be granted in its entirety for three reasons.

*First*, Plaintiff is unable to proffer any facts sufficient to pose a genuine issue for trial as to whether Experian, a Credit Reporting Agency ("CRA"), provided her credit information without a permissible purpose. Plaintiff admits that she applied for a mortgage on March 5, 2007. Statement of Uncontroverted Material Facts ¶1 (hereinafter referred to as "SUMF"); Baker Statement of Controverting Facts ¶1 (hereinafter referred to as "BSCF"). Moreover, this Court has already found that the provision of credit data in relation to a mortgage inquiry falls within § 1681b's permissible purposes. Docket No. 113 p. 7. Because Experian had a permissible purpose to supply her credit report to persons intending to use the information in connection with a credit transaction, it is entitled to summary judgment. Furthermore, because Plaintiff fails to meet this threshold burden, all of her claims fail as a matter of law.

*Second*, Plaintiff is unable to proffer facts sufficient to pose a genuine issue for trial as to whether Experian maintained reasonable procedures under § 1681e. Where Plaintiff has failed to meet her threshold burden of proving that her credit report was released without a permissible purpose, her § 1681e(a) claim for failure

1 to maintain reasonable procedures fails as a matter of law.  Indeed, "[i]f in fact the
2 disclosure was made for a permissible purpose, then the inquiry ends, and no
3 investigation of the reasonableness of the consumer reporting agency's procedures
4 are necessary." *Andrews v. Trans Union Corp.,* 7 F. Supp. 2d 1056, 1067-68 (C.D.
5 Cal. 1998) (holding that no inquiry about the reasonableness of the CRA's
6 procedures needed to be conducted where the disclosure of the consumer's credit
7 report to an imposter using the consumer's identifying information was considered
8 a permissible purpose).  Again, this Court already found that where Baker failed to
9 state a claim for a § 1681b violation, she could not prevail on her claim for a
10 § 1681e(a) failure to safeguard against § 1681b violations.  Docket No. 113 p. 7.
11 Therefore, where Plaintiff has failed to offer any rebuttal evidence sufficient to
12 preclude summary judgment on her claim that her credit report was issued without a
13 permissible purpose, her claim for failure to maintain reasonable procedures also
14 fails as a matter of law.

15 *Finally*, Plaintiff has not proffered evidence sufficient to preclude summary
16 judgment concerning her actual damages.  Nor has Plaintiff proffered evidence of
17 Experian's willful or reckless intent in releasing her credit information.  In fact,
18 Plaintiff has saddled this Court with meritless claims and continues to argue about
19 her right to attorneys' fees in her Opposition.  While acknowledging that she is *pro*
20 *se*, and therefore not entitled to attorneys' fees, Plaintiff continuously discusses
21 how the law has forced "<u>unrepresented parties</u> . . . <u>to work as unpaid slaves</u>."
22 BSCF ¶1 (emphasis in original).  Yet Plaintiff's Opposition is devoid of any
23 merited legal arguments supported by disputed facts.  This Court should follow its
24 "law of the case" as announced in its order involving Trans Union and find for
25 Experian. Docket No. 113 p. 7.  Plaintiff has failed to meet her burden to proffer
26 facts sufficient to show that there are any genuine issues for trial.  Accordingly, this
27 Court should grant summary judgment in favor of Experian on all allegations in the
28 First Amended Complaint.

## II. ARGUMENT

### A. Plaintiff's § 1681b Claim Fails as a Matter of Law.

Plaintiff has failed to show the existence of a genuine issue of material fact as to whether her credit data was released without a permissible purpose. Experian has proffered evidence to meet its burden of identifying the indisputable portions of the record which demonstrate the absence of any genuine issues of material fact, and as such, Plaintiff "may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). The onus is on the opposing party to set forth "*specific facts* that there is a genuine issue for trial." *Id.* (*citing* Fed. R. Civ. P. 56(e)) (emphasis in original). Absent such a showing, the moving party is entitled to summary judgment.

Plaintiff claims that Experian, and other CRAs, improperly issued her credit data to Dana Capital through NCO Financial Systems, Inc. ("NCO"), on March 5, 2007. First Amended Complaint ¶¶49, 71, 72 (hereinafter the "FAC"); Experian's SUMF ¶1. However, Plaintiff admits that she applied for a mortgage on or about March 5, 2007 with Trinity Financial. SUMF ¶1; BSCF ¶1. Plaintiff further admits that Dana Capital was utilized to obtain her credit reports when she applied for the Trinity Financial mortgage. FAC ¶16. Plaintiff confuses the issue by offering inconsequential statements that her mortgage application was not with Dana Capital or NCO. Despite Plaintiff's efforts to complicate the issue, the analysis remains the same. As long as a permissible purpose exists, it does not matter whether the creditor itself or the creditor's agent obtains the report. *Weidman v. Federal Home Loan Mortg. Corp.*, 338 F. Supp. 2d 571, 577 (E.D. Pa. 2004) (*citing* Federal Trade Commission Commentary on the FCRA, 16 C.F.R. Part 600, Appendix, § 604, p. 511 (2005)) (finding that where a lender had a permissible purpose, an agent of the lender need not establish an independent permissible purpose to access a credit report). Under *Weidman,* since Trinity Financial had a permissible purpose for

requesting the Plaintiff's credit data, an agent of Trinity Financial (e.g., NCO or Dana Capital) need not establish an independent permissible purpose to access her credit report. Since Plaintiff has merely restated facts which demonstrate a permissible purpose, Plaintiff has not set forth any specific facts to raise a genuine issue for trial.

Moreover, this Court already dismissed Plaintiff's § 1681b claim against Trans Union, LLC ("Trans Union") for the same March 5, 2007 Dana Capital inquiry. Docket No. 113, p. 5. The Court found that Plaintiff's claim failed as the inquiry "involved a permissible use of credit information." *Id*. Plaintiff conceded that the circumstances were the same for Experian and Trans Union. SUMF ¶8; BSCF ¶8. Accordingly, this Court should find that Experian's provision of Plaintiff's credit information to NCO was for a permissible purpose pursuant to § 1681b and grant summary judgment in Experian's favor.

**B.     Plaintiff's § 1681e Claim, Which Necessarily Relies on Her § 1681b Claim, Also Fails as a Matter of Law.**

Plaintiff has failed to show the existence of a genuine issue of material fact as to whether Experian failed to maintain reasonable procedures to comply with § 1681b. Experian has proffered evidence to meet its burden that it followed its extensively maintained reasonable procedures to assure that any credit information was provided (1) for a permissible purpose under FCRA § 1681b and (2) to a third party approved by Experian to pull credit reports for that specific permissible purpose. SUMF ¶5. Plaintiff must set forth specific facts to establish a genuine issue for trial. *T.W. Elec. Service, Inc.,* 809 F.2d at 630. Plaintiff simply alleges that Experian's attorneys received her notice of NCO's refusal to investigate Dana Capital in June of 2005. It is insufficient for the Plaintiff, the party opposing summary judgment, to introduce evidence that is not "significantly probative." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). NCO's refusal to investigate is not probative of Experian's procedures. Rather, it is only probative of

NCO's procedures. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Service, Inc.,* 809 F.2d at 630 (*citing Anderson* 477 U.S. 242). Plaintiff has not presented any facts to demonstrate that Experian failed to maintain reasonable procedures to comply with § 1681b. Consequently, the Court should grant summary judgment in favor of Experian on this issue as well.

Moreover, as stated above, a § 1681e(a) claim for failure to maintain reasonable procedures to avoid violation for § 1681b is a two prong inquiry which involves an initial determination of whether a CRA made a disclosure to "a person it had reason to believe had a statutorily authorized purpose for obtaining the report." *Andrews* 7 F. Supp. 2d at 1067. If disclosure was made for a permissible purpose, "the inquiry ends, and no investigation of the reasonableness of the consumer reporting agency's procedures are necessary." *Id.* (explaining that it is unnecessary to challenge a CRA's procedures where a file was disclosed for a permissible purpose). Similarly, this Court's prior finding that where Plaintiff "failed to state a claim for violation of § 1681b, she cannot prevail on a claim for failure to safeguard against § 1681b violations" comports with this rationale. Docket No. 113, p. 7. Plaintiff has not proffered sufficient facts to establish that there is a genuine issue for trial with regard to her § 1681b allegation; therefore, Plaintiff should not be able to prevail on a § 1681e claim for failure to safeguard against the § 1681b violation. As in the case of Trans Union, Plaintiff has not met her burden to establish a genuine issue for trial with regard to her § 1681e allegation that Experian failed to safeguard against § 1681b violations.

**C.     Plaintiff Proffers No Concrete Facts Supporting Any Actual Damages.**

Plaintiff has not brought forward specific facts to raise a genuine issue as to any actual damages. Plaintiff must present evidence that she suffered an injury that was caused by the conduct or actions of the credit reporting agency in order to

succeed on an FCRA claim. *Cassara v. DAC Servs., Inc.,* 276 F. 3d 1210, 1217 (10th Cir. 2002) (stating the elements of a FCRA claim which include showing that the plaintiff suffered an injury and the consumer reporting agency's failure caused the plaintiff's injury). Plaintiff has offered no cognizable facts concerning any actual injury or damages. SUMF ¶6; BSCF ¶6. Her Opposition merely references her Deposition, which only offers speculative damages for unsubstantiated emotional distress or unrelated costs as explained in Experian's Motion for Summary Judgment. SUMF ¶¶6, 7. Where the Plaintiff's Opposition raises issues of no moment, this Court should grant summary judgment in favor of Experian.

### D. Plaintiff's Claim for Punitive Damages Also Fails As A Matter of Law.

Notwithstanding Plaintiff's failed § 1681b and § 1681e causes of action, Plaintiff has not set forth any specific facts to prove she is entitled to punitive damages. In order to claim punitive damages, Plaintiff must proffer evidence to show that Experian acted in "reckless disregard of [its] statutory duty." *Safeco Ins. Co. of Am. v. Burr,* 127 S. Ct. 2201, 2208 (2007) (finding that reckless action is sufficient to impose civil liability for willful violations). As a matter of law, where Plaintiff has failed to establish any issues for trial on her § 1681b and § 1681e claims, she fails to establish any basis for punitive damages under § 1681n. All that Plaintiff proffers is that Experian received notice that NCO refused to investigate Dana Capital. BSCF ¶¶4, 5. NCO's failure to investigate the recipient of a credit report does not illuminate any issue concerning Experian's policies or procedures. This does not meet her burden of setting forth more than "a scintilla" of evidence in support of her allegation in Opposition to Experian's Motion for Summary Judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Plaintiff has not presented any evidence that Experian failed to follow its reasonable procedures to provide her credit data to NCO. Plaintiff simply attacks NCO's procedures in her claim against Experian. Where the Plaintiff has not proffered any facts to

suggest Experian behaved in reckless disregard of its statutory duties, this Court should grant summary judgment in favor of Experian.

### E. Plaintiff Admitted She is *Pro Se* and is Precluded from Claiming Attorneys' Fees.

Although attorneys' fees are generally available under the FCRA to a prevailing party, the FCRA does not allow *pro se* litigants to recover attorneys' fees on their own behalf. Where "[p]laintiffs are proceeding *pro se*, they 'would not be entitled to recover attorneys' fees even if [they] were successful on [their] FCRA claims." *Burns v. Bank of America,* 2008 WL 5110824 at *8 (S.D.N.Y. Dec. 4, 2008) (denying motion for summary judgment seeking attorneys' fees where plaintiffs were *pro se* litigants). Plaintiff is a *pro se* litigant and has admitted as much. BSCF ¶9. Plaintiff acknowledges that she is not entitled to attorneys' fees and this Court should grant Experian's motion for summary judgment on this issue as well.

## III. CONCLUSION

Plaintiff has failed to meet her burden to proffer facts sufficient to show that there are any genuine issues for trial, and this Court should grant summary judgment in favor of Experian.

Dated:   July 22, 2009           Respectfully submitted,

                                 Jones Day


                                 By: _____
                                     Edward S. Chang

                                 Attorney for Defendants
                                 EXPERIAN INFORMATION
                                 SOLUTIONS, INC.

**PROOF OF SERVICE**
*Baker v. TransUnion LLC et al.*
**USDC/Arizona CV07-8032 PCT (JAT)**

I, **Edward S. Chang**, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3 Park Plaza, Suite 1100, Irvine, California 92614-5976.

On July 22, 2009, I served a copy of the within document(s):

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY TO PLAINTIFF CHRISTINE BAKER'S OPPOSITION IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☒ by electronic transmission. I am familiar with the United States District Court, District of Arizona's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

| | |
|---|---|
| Christine Baker<br>3880 Stockton Hill Road<br>Suite 103-156<br>Kingman, AZ  86409<br>Fax:    (571) 222-1000<br>Christine@bayhouse.com<br><br>*Plaintiff In Pro Per* | Justin H. Homes<br>Admitted Pro Hac Vice<br>Sessions, Fishman, Nathan & Israel, LLP<br>3850 N. Causeway Blvd., Suite 200<br>Metairie, LA 70002<br>Telephone:  (504) 828-3700<br>jhomes@sessions-law.biz<br><br>*Attorneys for Defendant*<br>NCO FINANCIAL SYSTEMS, INC. |
| Cara L. Hergenroether<br>King & Spalding LLP<br>1180 Peachtree St NE<br>Atlanta, GA  30309<br>Fax: (404) 572-5100<br>chergenroether@kslaw.com<br><br>*Attorneys for Defendant*<br>Equifax Information Services, LLC | Tiffany L. Hawkins<br>Admitted Pro Hac Vice<br>STRASBURGER & PRICE, LLP<br>2801 Network Blvd., Suite 600<br>Frisco, TX  75034<br>Telephone:  (469) 287-3921<br>Facsimile:   (469) 227-6581<br>tiffany.hawkins@strasburger.com<br><br>*Attorney for Defendant*<br>TransUnion, LLC |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 22, 2009, at Irvine, California.

                                */s/ Edward S. Chang*
                                Edward S. Chang